UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
YVETTE FOSTER,

                            Plaintiff,

              -against-

CITY OF NEW YORK; Police Officer ROBINSON POLANCO, Shield No. 19321; Police Officer HENRY HENRIQUEZ, Shield No. 8780; Sergeant HOCKADAY; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                           Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 5308 (SLT)(MDG)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Yvette Foster ("plaintiff" or "Ms. Foster") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Robinson Polanco, Shield No. 19321 ("Polanco"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Polanco is sued in his individual and official capacities.

9. Defendant Police Officer Henry Henriquez, Shield No. 8780 ("Henriquez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Henriquez is sued in his individual and official capacities.

10. Defendant Sergeant Hockaday ("Hockaday"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hockaday is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 10:00 a.m. on June 7, 2014, Ms. Foster was lawfully in front of her home at 293 Crescent Street, in Brooklyn, New York.

15. As Ms. Foster, in a nightgown, stood on her front steps she observed, from a distance, defendants violently assault and arrest the father of plaintiff's child.

16. When Ms. Foster calmly asked defendants what they were doing, a defendant officer walked over to Ms. Foster and arrested her without probable cause or reasonable suspicion to believe she had committed any crime or offense.

17. Ms. Foster was tightly handcuffed in front of her neighbors, all while still in her nightgown.

18. Ms. Foster asked if she could go upstairs to put clothes on, but defendants denied her request.

19. Plaintiff was eventually taken to the 75th precinct.

20. Plaintiff asked defendants to loosen her handcuffs, but defendants refused.

21. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that plaintiff had obstructed governmental administration.

22. At no point did Ms. Foster commit any crime or offense.

23. Still in her nightgown, plaintiff was taken to Brooklyn Central Booking.

24. Ms. Foster was arraigned in Kings County Criminal Court, where she was released on her own recognizance.

25. Immediately following her arraignment, defendants re-arrested plaintiff in front of her family and she was held longer in Central Booking.

26. Without any explanation for the second arrest, plaintiff was released from Central Booking after approximately twenty-four hours in custody.

27. The criminal charges against Ms. Foster were ultimately dismissed.

28. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search (All Defendants)

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest (All Defendants)

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution (All Defendants)

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

37. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of her constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

38. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force(All Defendants)

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial (All Defendants)

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The individual defendants created false evidence against plaintiff.

44. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

45. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene (All Defendants)

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

-8-

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

49. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### *Monell*

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. This is not an isolated incident.

53. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

54. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

55. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

56. The City, at all relevant times, was, upon information and belief, aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

57. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

58. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: March 2, 2015
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwf.nyc

*Attorneys for plaintiff*